[Crim. No. 1261. First Appellate District, Division Two.—November 30, 1926.]

THE PEOPLE, Respondent, v. BERTHA REID, Appellant.

[1] CRIMINAL LAW—ARSON—VERDICT—EVIDENCE.—In this prosecution for arson, the evidence in the record, together with the free and voluntary admissions of the defendant at the time of her arrest, fully support the verdict of conviction.

[2] ID.—DESCRIPTION OF FIRES—OPINION—EVIDENCE.—In such prosecution, questions directed by the prosecution to a battalion chief of the fire department asking him to detail the location of the separate fires started in defendant's apartment and to state whether there was any communication between them and whether the partition between two rooms in the apartment showed that the fire had been in contact with it, did not call for the opinion and conclusion of the witness.

[3] ID.—EXTRAJUDICIAL STATEMENT OF DEFENDANT—PROPER ADMISSION OF.—In such prosecution there was no error in the admission of an extrajudicial statement of the defendant and in the examination of the witnesses called by the state for the purpose of showing that the statement was freely and voluntarily given, where the statement was not a confession of guilt of the crime charged and was not introduced as such, but was offered as an admission against interest, and the witnesses called by the state were asked the usual questions as to whether the statement was made freely and voluntarily and without promises, threats, or inducements.

[4] ID. — NATURE OF CRIME COMMITTED—INTENT—EVIDENCE.—In such prosecution, the claim that the evidence is insufficient to support the verdict of guilty of the crime of arson as defined in section 447 of the Penal Code, but that the evidence tended to prove that the defendant was guilty of the crime of destroying property for the purpose of collecting insurance thereon as denounced in section 548 of the Penal Code, cannot be sustained, where the evidence is that the defendant set fire to a bureau or table standing in one room of the apartment and that she then set fire to clothing and material in a closet in another room, and it was within the province of the jury to infer whether these acts evidenced an intention to set fire to the building within the meaning of section 447 of the Penal Code.

[5] ID.—INSTRUCTIONS—In such prosecution, the subject matter covered by the instructions proposed by defendant but refused was carried into the instructions given wherever proper, and in every respect the jury was fully and properly instructed in accordance with the law applicable to the case.

---

(1) 5 C. J., p. 580, n. 16, (2) 5 C. J., p. 575, n. 51; 16 C. J., p. 748, n. 49, p. 749, n. 57. (3) 5 C. J., p. 576, n. 61; 16 C. J., p. 626, n. 80. (4) 16 C. J., p. 628, n. 19. (5) 16 C. J., p. 1063, n. 85.

APPEAL from a judgment of the City and County of San Francisco and from an order denying a new trial. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanislaus A. Riley for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant was tried upon an information charging the crime of arson. From the judgment following the verdict of conviction and from the denial of her motion for a new trial she has appealed upon a typewritten record.

The defendant occupied an apartment at 818 Stanyan Street in the city of San Francisco. On June 21, 1924, at about 8:30 A. M. of that day, fire occurred in the apartment and members of the fire department appeared upon summons and extinguished the fire. Upon investigation it appeared that three separate fires had been set, two in a room designated as a living-room and a third in a closet

of the bedroom adjoining; and an examination of the premises immediately thereafter disclosed that all the fires had been started by the use of coal-oil. As a result of this investigation the defendant was taken into custody and made a full statement to the police and fire department officials to the effect that she started the fires for the purpose of burning her furniture so that she could collect insurance thereon, but that she did not intend to burn the building. Upon the trial it appeared that the defendant claimed that while filling a lamp some coal-oil was spilled upon her corset which was lying upon a bureau or table and that when she endeavored to light the lamp the corset took fire; that she then seized the corset and ran to the closet for the purpose of procuring a bath mat to aid her to extinguish the fire and in so doing set fire to the clothing in the closet. [1] The evidence in the record, together with the free and voluntary admissions of the defendant at the time of her arrest, fully support the verdict of conviction.

[2] Defendant complains of the ruling of the trial court relating to the state's inquiries directed to a battalion chief of the fire department covering the location and lack of communication between the separate fires which were discovered when he answered the fire call. It is said that some of these questions called for the opinion and conclusion of the witness, but the witness was merely asked to detail the location of the separate fires and to state whether there was any communication between them and whether the partition between the two rooms showed that the fire had been in contact with it. The witness was merely asked to state the facts as he saw them and was not asked for expert or opinion evidence of any character.

[3] Error is assigned in the admission of the extra-judicial statement of the defendant and in the examination of the witnesses called by the state for the purpose of showing that this statement was freely and voluntarily given. This examination was unusually fair to the defendant and the cross-examination of the witnesses and the evidence of the defendant herself went to the full limit of propriety in that respect. The statement was not a confession of guilt of the crime charged and was not introduced as such, but was offered as an admission against interest. The witnesses

called by the state were asked the usual questions as to whether the statement was made freely and voluntarily and without promises, threats, or inducements. There was no error in the examination of the witnesses nor in the admission of the statement.

[4] It is claimed that the evidence is insufficient to support the verdict of guilty of the crime of arson as defined in section 447 of the Penal Code, but that the evidence tended to prove that the defendant was guilty of the crime of destroying property for the purpose of collecting insurance thereon as denounced in section 548 of the Penal Code. The argument is based on the extrajudicial statement of the defendant that she denied the intention of burning the house, but admitted that she set fire to the furniture for the purpose of collecting insurance thereon. It appears that she did not own the house, but had rented an apartment therein and that at the time of the fire the personal property belonging to her which was located in the apartment was insured for the sum of fifteen hundred dollars. The evidence is that the defendant set fire to a bureau or table standing in one room of the apartment and that she then set fire to clothing and material in a closet in another room, and it was within the province of the jury to infer whether these acts evidenced an intention to set fire to the building within the meaning of the code section. The jury found against the defendant upon this issue and upon evidence which was competent and as complete as circumstantial evidence of acts of this character could reasonably be.

[5] Criticism is made of the refusal of the trial judge to give a number of instructions proposed by the defendant. All these instructions were refused for the reason assigned by the trial court that they were covered by other instructions given. No complaint is made as to any of the instructions given by the trial judge. We have examined with care all the instructions proposed and refused and all the instructions given by the trial judge and are satisfied that in every respect the subject matter covered by the instructions refused was carried into the instructions given wherever proper, and that in every respect the jury was fully

and properly instructed in accordance with the law applicable to the case being tried.

The judgment and order are affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 28, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1927.